I am authorized to state that Justice MAYNARD joins in this separate Opinion.

490 S.E.2d 357

**STATE of West Virginia ex rel. Robert P. JONES, Petitioner,**

v.

**George TRENT, Warden, Mt. Olive Correctional Center, Respondent.**

No. 23900.

Supreme Court of Appeals of West Virginia.

Submitted April 22, 1997.

Decided July 8, 1997.

Matthew A. Victor, Charleston, for Petitioner.

Mary Beth Kershner, Asst. Pros. Atty., Kanawha County, Charleston, for State.

PER CURIAM:

Petitioner Robert P. Jones (hereinafter "Petitioner") seeks a writ of habeas corpus and challenges the revocation of his probation. The Petitioner asserts that the lower court erred in admitting an uncorroborated prior statement of an unavailable alleged accomplice in a robbery. Moreover, the Petitioner alleged that even if the statement is deemed admissible, it was not sufficiently reliable to establish a probation violation by a preponderance of the evidence. The Petitioner also asserts the general allegation that the lower court failed to make sufficient findings of fact to warrant revocation. We see no merit in the Petitioner's claims and deny the requested writ.

## I.

On April 4, 1995, following a plea of guilty, the Petitioner was sentenced to two to twenty-five years, including one to fifteen on a burglary conviction to be served consecutively with one to ten on a grand larceny conviction. The lower court granted the Petitioner's motion for probation. On March 22, 1996, based upon the Petitioner's discontinuance of meetings with his probation officer and a series of robberies and other criminal acts allegedly committed by the Petitioner, the Kanawha County Adult Probation Department filed a Petition for Violation of Probation.

Written notice of eleven violations was provided to the Petitioner,[1] and the State pre-

---

1. The eleven violations included absconding the     lawful supervision of the probation officer;

sented evidence regarding the aggravated robberies allegedly committed by the Petitioner during a preliminary hearing before the lower court. Detective Ray Flint of the Kanawha County Sheriff's Department had spoken to a co-defendant in the alleged robberies, Mr. Shawn Hartleroad.[2] Subsequent to the presentation of the evidence, the lower court found probable cause for revocation of probation.

During a May 3, 1996, final revocation hearing, Probation Officer Kelly Brown offered testimony regarding Count One, failure of the Petitioner to appear at scheduled meetings with his probation officer. That allegation appears to be undisputed. The lower court permitted Detective Flint to offer the statement of Mr. Hartleroad as substantive evidence regarding Counts Two and Three, robberies allegedly committed in January 1996 at a video store and a food store. Detective Flint had investigated the robberies of Campbell's Creek Food Store and Hollywood Video. Mr. Hartleroad admitted his participation in the robberies and explained that the Petitioner had driven Mr. Hartleroad and Mr. Elswick to the stores for the robberies. Mr. Hartleroad further explained that he and the Petitioner had remained in the Petitioner's Ford Bronco while Mr. Elswick robbed the Campbell's Creek Food Store on January 4, 1996. He also informed Detective Flint that the Petitioner had driven Mr. Hartleroad and Mr. Elswick to the Hollywood Video Store and that the Petitioner had remained in the vehicle while the other two robbed the store on January 9, 1996. Mr. Hartleroad indicated that the three individuals had prior discussions concerning the planning of the robberies. Mr. Hartleroad was aware of details of the robberies which had not been released by the Sheriff's Department to the press.

No evidence was offered by the State on Counts Four through Eleven. The lower court found that the Petitioner had violated his probation as alleged in counts One through Three of the Petition, and the Petitioner was sentenced to prison. Counts Four through Eleven, however, were dismissed for lack of evidence. The order revoking probation was entered on May 10, 1996.

## II.

■ The Petitioner contends that the lower court erred in admitting testimony offered by Detective Flint regarding an uncorroborated hearsay statement by an unavailable accomplice. In *State v. Marcum*, 182 W.Va. 104, 386 S.E.2d 117 (1989), we addressed the issue of an uncorroborated statement by an unavailable accomplice within the context of a criminal trial. In syllabus point one of *Marcum*, we explained as follows:

"A confession of an accomplice which inculpates the accused is presumptively unreliable. Where the accomplice is unavailable for cross-examination, the admission of the confession, absent sufficient independent 'indicia of reliability' to rebut the presumption of unreliability, violates the Sixth Amendment right of confrontation." Syl. Pt. 2, *State v. Mullens*, 179 W.Va. 567, 371 S.E.2d 64 (1988).

Our *Marcum* discussion also provided guidelines for a determination regarding whether independent indicia of reliability exist.

Independent indicia of reliability may be garnered from all the circumstances surrounding the statement, including whether the statement was spontaneous or a result of custodial police questioning, whether the statement was thoroughly and unambiguously adverse to the declarant's penal interest, and whether the statement was corroborated by other evidence presented at trial, including the physical evidence.

---

armed robbery of Campbells Creek Food Shop; armed robbery of Hollywood Video; two incidents of obstruction of a police officer; transfer of stolen property; stealing a pair of speakers; three incidents of receiving stolen property; and intentionally fleeing from law enforcement.

2. Mr. Hartleroad was subpoenaed to testify concerning his statements, but he invoked the Fifth Amendment and refused to testify. A second individual, Robert Elswick, had also previously been arrested for the aggravated robberies. He also invoked his Fifth Amendment right against self-incrimination and was excused by the lower court.

*Marcum,* 182 W.Va. at 105, 386 S.E.2d at 118.[3]

In the present case, Mr. Hartleroad was technically "unavailable" based upon his invocation of his Fifth Amendment right to silence.[4] The Petitioner argues that Mr. Hartleroad's statement should not have been admitted because it lacked the requisite indicia of reliability necessary to legitimatize its admission. The Petitioner's argument, however, ignores a fundamental distinction between the trial context in which *Marcum* was framed and the probation revocation issue presently confronted. A probation revocation hearing, as controlled by West Virginia Code § 62–12–10 (1992), does not have the same stringent requirements as a criminal trial. West Virginia Code § 62–12–10 provides as follows:

> If at any time during the period of probation there shall be reasonable cause to believe that the probationer has violated any of the conditions of his probation, the probation officer may arrest him with or without an order or warrant, or the court which placed him on probation, or the judge thereof in vacation, may issue an order for his arrest, whereupon he shall be brought before the court, or the judge thereof in vacation, for a prompt and summary hearing. If it shall then appear to the satisfaction of the court or judge that any condition of probation has been violated, the court or judge may revoke the suspension of imposition or execution of sentence, impose sentence if none has been imposed, and order that sentence be executed. In computing the period for which the offender is to be imprisoned, the time between his release on probation and his arrest shall not be taken to be any part of the term of his sentence. If, despite a violation of the conditions of probation, the court or judge shall be of the opinion that the interests of justice do not require that the probationer serve his sentence, the court or judge may, except when the violation was the commission of a felony, again release him on probation.

In syllabus point twelve of *Louk v. Haynes,* 159 W.Va. 482, 223 S.E.2d 780 (1976), we explained as follows:

> The final revocation proceeding required by the due process clause of the Fourteenth Amendment and necessitated by W.Va.Code, 62—12—10, As amended, must accord an accused with the following requisite minimal procedural protections: (1) written notice of the claimed violations of probation; (2) disclosure to the probationer of evidence against him; (3) opportunity to be heard in person and to present witnesses and documentary evidence; (4) the right to confront and cross-examine witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (5) a 'neutral and detached' hearing officer; (6) a written statement by the fact-finders as to the evidence relied upon and reasons for revocation of probation.

In syllabus point four of *Sigman v. Whyte,* 165 W.Va. 356, 268 S.E.2d 603 (1980), we explained as that "[w]here a probation violation is contested, the State must establish the violation by a clear preponderance of the evidence." Thus, in enunciating the procedural due process requirements for revocation of probation and parole, we have consistently recognized that probationers and parolees are not entitled to the full panoply of rights enjoyed by defendants in a criminal trial. *State v. Fraley,* 163 W.Va. 542, 543, 258 S.E.2d 129, 130 (1979). Proof beyond a reasonable doubt is simply not required. As the United States Supreme Court reasoned in *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), "(r)evocation deprives an individual,

---

3. We note that similar issues were confronted in our recent opinion, *In re Anthony Ray Mc.,* 200 W.Va. 312, 489 S.E.2d 289 (1997). Our present opinion is in no way inconsistent with the principles enunciated in *Anthony.*

4. Rule of Evidence 804(a)(1), addressing the hearsay exceptions where the declarant is unavailable, provides as follows:

> (a) Definition of Unavailability. "Unavailability as a witness" includes situations in which the declarant—
> (1) is exempted by ruling of the court on the ground of privilege from testifying concerning the subject matter of his or her statement;

not of the absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special parole (probation) restrictions." *Id.* at 480, 92 S.Ct. at 2600.

We find that the reliability of Mr. Hartleroad's uncorroborated accomplice statement, as provided through the testimony of Detective Flint, was sufficiently demonstrated and that the Petitioner's probation was properly revoked. We therefore deny the Petitioner's requested writ.[5]

Writ denied.

---

**5.** The Petitioner also contends that the lower court failed to make findings of fact sufficient to support its determination that probation revocation was appropriate, and that Mr. Hartleroad's statement should have been deemed inadmissible hearsay. Based upon our foregoing analysis of the standards applicable to the probation revocation proceeding, we find no merit in those contentions.