543 S.E.2d 334

STATE of West Virginia, Plaintiff Below, Appellee,

v.

Anthony ALBRIGHT, Defendant Below, Appellant.

No. 27773.

Supreme Court of Appeals of West Virginia.

Submitted Nov. 1, 2000.

Decided Dec. 12, 2000.

John P. Adams, Public Defender Corporation, Martinsburg, for Appellant.

Pamela Jean Games–Neely, Prosecuting Attorney, Christopher C. Quasebarth, Assistant Prosecuting Attorney, Martinsburg, for Appellee.

PER CURIAM:

This case is before this Court upon appeal of a final order of the Circuit Court of Berkeley County entered on June 3, 1999. In that order, the appellant and defendant below, Anthony Albright, was sentenced to a term of five to eighteen years imprisonment for his conviction of nonaggravated robbery. In this appeal, the appellant contends that the circuit court erred by failing to suppress a statement he made during custodial interrogation after he was arraigned and had requested counsel. The appellant further contends that the circuit court erred by denying his motion for acquittal on the grounds that the State failed to prove a requisite element of the crime.

This Court has before it the petition for appeal, the entire record, and the briefs and argument of counsel. For the reasons set forth below, the appellant's conviction is affirmed.

## I.

On October 20, 1998, 77–year–old Frances Dells was robbed in a Berkeley County, West Virginia, mall parking lot. Ms. Dells was approached by a young man who asked her for the time. As Ms. Dells responded, the young man jerked her purse off her arm and escaped in his car. Ms. Dells immediately reported the crime to the police and gave the license plate number of the young man's car. The vehicle was traced to the appellant's grandmother who reported that her grandson had taken her car.

The next day, the appellant turned himself into magistrate court. He was charged with one count of nonaggravated robbery and was read his *Miranda*[1] rights. Thereafter, the appellant was arraigned and committed to the Eastern Regional Jail in lieu of a $10,000 bond. During the arraignment, the appellant requested that counsel be appointed to represent him.

According to the appellant, at the time he surrendered himself in magistrate court, he had been smoking crack cocaine for approximately twenty-four hours and was experiencing severe withdrawal from that drug. Sergeant Shannon Armel of the Martinsburg City Police, who was summoned to transport the appellant to the Eastern Regional Jail, was aware of the appellant's condition and notified the jail that the appellant might be suffering from withdrawal symptoms. Upon taking custody of the appellant, Sergeant Armel read the appellant his *Miranda* rights again. During the trip to the jail, the appellant discussed the crime with Sergeant Armel and directed him to the place where the purse had been discarded.

On February 18, 1999, the appellant was indicted in Berkeley County on one count of nonaggravated robbery. Prior to trial, the appellant sought to suppress the alleged oral confession he made to Sergeant Armel on the grounds that he had not waived his right to counsel. The circuit court ruled that the appellant's statements were voluntary and were not obtained in violation of his constitutional rights.

The appellant was tried before the petit jury on March 16, 1999, and was convicted of one count of nonaggravated robbery. Following the trial, the appellant filed a motion for judgment of acquittal claiming that the State had failed to introduce evidence of "intimidation that induces fear of bodily harm," a key element of the crime. The appellant's motion was denied, and he was sentenced to a term of five to eighteen years imprisonment. This appeal followed.

## II.

█ The appellant first contends that the circuit court erred by admitting the statement he gave to Sergeant Armel while he was being transported to the Eastern Regional Jail. The appellant claims that the statement was taken in violation of his constitutional right to counsel and should have been excluded at trial pursuant to Syllabus Point 1 of *State v. Barrow*, 178 W.Va. 406, 359 S.E.2d 844 (1987), in which this Court held that,

> If police initiate interrogation after a defendant's assertion, at an arraignment or similar proceeding, of his right to counsel, any waiver of the defendant's right to counsel for that police-initiated interrogation is invalid because it was taken in violation of the defendant's Sixth Amendment right to counsel. To the extent that *State v. Wyer*, 173 W.Va. 720, 320 S.E.2d 92 (1984), is in conflict with this principle, it is overruled.

The appellant maintains that Sergeant Armel began questioning him after he put him in the police car to transport him to the Eastern Regional Jail.

█ The State does not dispute that the appellant's Sixth Amendment right to counsel attached when he requested counsel at his initial appearance before the magistrate. However, the State contends that the appellant waived that right because he initiated the conversation with Sergeant Armel. In *State v. Crouch*, 178 W.Va. 221, 358 S.E.2d 782 (1987), this Court held that an accused may be interrogated after he has requested counsel if the accused subsequently initiates

---

1. *See Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

a conversation with the police and waives his right to counsel. In Syllabus Point 1 of *Crouch,* this Court stated that,

> For a recantation of a request for counsel to be effective: (1) the accused must initiate a conversation; and (2) must knowingly and intelligently, under the totality of the circumstances, waive his right to counsel.

During the suppression hearing, Sergeant Armel testified that when he arrived at magistrate court, the appellant began telling him everything that had happened to him during the last twenty-four hours. Apparently, the appellant had been discussing the crime with the magistrate and continued to do so with Sergeant Armel. At that point, Sergeant Armel asked the appellant if he realized that he had the right to remain silent. Sergeant Armel then read the appellant his *Miranda* rights again. According to Sergeant Armel, the appellant said "he wanted to get it all behind him" and continued to talk about the crime. Sergeant Armel then asked the appellant where he had discarded the purse. The appellant told Sergeant Armel where the purse could be located, and Sergeant Armel stopped and picked it up before delivering the appellant to the Eastern Regional Jail.

By contrast, the appellant testified at the suppression hearing that he did not initiate the conversation with Sergeant Armel. The appellant said that he was talking with the magistrate about the fact that he had been smoking crack cocaine for the past twenty-four hours when Sergeant Armel arrived. According to the appellant, Sergeant Armel began questioning him about the crime after he put him in the police car.

Based upon this testimony, the circuit court found that the appellant initiated the conversation with Sergeant Armel and did nothing to further his request for counsel as the dialogue continued. The circuit court noted that the appellant had implicated himself in other crimes besides the nonaggravated robbery and that it was unlikely that the appellant would have provided this information in response to questioning by Sergeant Armel. The circuit court concluded that the appellant began the conversation with Sergeant Armel and never asserted his right to

counsel. Thus, the circuit court denied the appellant's motion to suppress the statement.

▪▪▪ "It is a well-established rule of appellate review in this state that a trial court has wide discretion in regard to the admissibility of confessions and ordinarily this discretion will not be disturbed on review." Syllabus Point 2, *State v. Vance,* 162 W.Va. 467, 250 S.E.2d 146 (1978). Likewise, "[a] trial court's decision regarding the voluntariness of a confession will not be disturbed unless it is plainly wrong or clearly against the weight of the evidence." Syllabus Point 3, *Vance.* After a thorough review of the record, we find that the trial court did not abuse its discretion by admitting the statement the appellant gave to Sergeant Armel. The evidence adduced at the suppression hearing supports the circuit court's conclusion that the appellant initiated the conversation with Sergeant Armel and willingly discussed the crime with him. In addition, Sergeant Armel testified that the appellant was not experiencing withdrawal symptoms from crack cocaine at that time. Sergeant Armel read the appellant his *Miranda* rights for a second time, and there is no evidence in the record that the appellant's waiver of counsel was anything but knowing and intelligent.

▪▪▪ The appellant next contends that the circuit court erred by denying his motion for acquittal without finding that the State proved "intimidation that induces fear of bodily harm," a requisite element of nonaggravated robbery. In *State v. Harless,* 168 W.Va. 707, 713, 285 S.E.2d 461, 465 (1981), this Court observed that,

> [T]he distinguishing feature between aggravated and nonaggravated robbery under our current robbery statute is that the former requires the utilization of physical force or the use of a deadly weapon against the victim; the latter crime requires only that the victim be placed in fear of bodily injury.

In the case *sub judice,* the jury was instructed that:

> Before the defendant, Anthony Albright, Jr., can be found guilty of Nonaggravated Robbery, the State of West Virginia . . .

must ... prove ... that the defendant, Anthony Albright, Jr. in Berkeley County, West Virginia, on or about the 20th day of October, 1998 did take from the person of Frances Dells against her will a certain pocketbook containing money, credit cards, and personal effects belonging to Frances Dells by intimidation that induced in Frances Dells a fear of bodily harm, with the intent to permanently deprive Frances Dells thereof.

The appellant claims that Ms. Dells did not testify that she feared bodily harm at the time of the robbery. Instead, she stated that she became afraid when she tried to reach inside the appellant's car to retrieve her purse and the car began to move. The appellant maintains that because there was no testimony as to any physical or verbal threat and no testimony of any physical harm to Ms. Dells beyond the purse snatching, the State failed to prove a key element of the crime.

 In Syllabus Point 1 of *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995), this Court held:

> The function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.

At trial, Ms. Dells testified that she was "in shock" after the appellant forcibly jerked the purse off her arm. She further testified that after reaching into the appellant's car to retrieve her purse, she "moved away because I thought maybe he would drag me." She also stated that she "moved away so he wouldn't hurt me." Based on this evidence, we believe that the jury clearly could have concluded that the element of fear of bodily injury was proved beyond a reasonable doubt. Thus, the circuit court did not err by denying the appellant's motion for acquittal.

Accordingly, for the reasons set forth above, the final order of the Circuit Court of Berkeley County entered on June 3, 1999, is affirmed.

Affirmed.