# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)   No. 16-0253** (Greenbrier County 12-F-186)

**Jeffrey Eisenbeiss,**
**Defendant Below, Petitioner**

**FILED**

**February 17, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Jeffrey Eisenbeiss, pro se, appeals the December 14, 2015, order of the Circuit Court of Greenbrier County (1) finding that petitioner violated the terms and conditions of his probation by failing to meet with his probation officer each month of his probationary period; and (2) imposing a thirty-day term of incarceration in jail and extending petitioner's probationary period by an additional twelve months for the probation violation. Respondent State of West Virginia, by counsel Shannon Frederick Kiser, filed a summary response in support of the circuit court's order.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2012, petitioner was indicted on one count of felony manufacturing of a controlled substance (marijuana) and one count of misdemeanor possession of a firearm by a prohibited person. In September of 2014, petitioner pled guilty to the lesser included offense of misdemeanor possession of a controlled substance (marijuana) with regard to count one of the indictment. With regard to count two, petitioner pled guilty to the charge as set forth in the indictment. By order entered September 23, 2014, the circuit court sentenced petitioner to concurrent terms of six months of incarceration. However, the circuit court suspended petitioner's terms of incarceration and placed him on probation for eighteen months.

1

On October 27, 2015, the State filed a petition to revoke petitioner's probation alleging that he violated the condition that he meet with his probation officer "in person" each month in addition to filing a monthly probation report. In the petition, the State explained, as follows:

> [Petitioner] has failed to comply with the rules and regulations of his probation by virtue of the fact that he arrives in the Probation Office, completes his monthly report[,] and leaves. On May 5, 2015, this [probation officer] spoke to him and informed him that he must meet with this [probation officer] on a monthly basis. On June 30, 2015, [petitioner] reported to the [p]robation [o]ffice, completed his monthly report[,] and left prior to speaking with this [probation officer]. [Petitioner] did not maintain contact with the [p]robation [d]epartment during the months of July, August, and September.

The circuit court held a probation revocation hearing on December 4, 2015. Petitioner did not call any witnesses. The State introduced the rules and regulations of probation, that were signed and initialed by petitioner at the beginning of his probationary period, into evidence and called petitioner's probation officer to testify. The assistant prosecutor had the probation officer read into the record paragraph 24 of the rules and regulations of probation, which provides that "[a] probationer shall report monthly to the probation officer by written report and in person as directed." The probation officer testified that petitioner initialed next to paragraph 24 and signed the rules and regulations of probation at the bottom of the last page. On cross-examination, the probation officer testified that low risk offenders, such as petitioner, could be directed to report only every other month. However, the probation officer specifically testified that he could not recall ever informing petitioner that he could report every other month. By order, entered December 14, 2015, the circuit court found that there was "clear and convincing evidence" that petitioner violated a term and condition of his probation. The circuit court sanctioned petitioner by sentencing him to a thirty-day term of incarceration in jail and extending his probation by an additional twelve months.[1]

On January 27, 2016, petitioner's attorney filed a motion for reduction of sentence pursuant to Rule 35(b) of the Rules of Criminal Procedure arguing that the circuit court should rescind its extension of petitioner's probation. Also, on both January 21, 2016, and February 4, 2016, petitioner's attorney sought petitioner's complete file from his probation officer. The record on appeal reflects that petitioner's attorney's attempts were unsuccessful, but that the matter was never brought before the circuit court for a ruling on whether petitioner had a right to his complete probation file. On March 31, 2016, the circuit court denied petitioner's Rule 35(b) motion.[2]

---

[1]West Virginia Code § 62-12-10(a)(2) authorizes a term of incarceration of up to sixty days for a first probation violation (subject to exceptions not relevant here), and West Virginia Code § 62-12-11 authorizes the extension of the probationary period up to five years.

[2]According to a pro se pleading filed by petitioner on March 17, 2016, he completed his jail sentence, but still wanted the circuit court to rescind its extension of his probation because it meant that his probationary period would not end until April 16, 2017, rather than April 16, 2016.

Prior to the circuit court's denial of the Rule 35(b) motion, on March 18, 2016, petitioner filed an appeal of the court's December 14, 2015, order extending his probation by an additional twelve months. Accordingly, we decline to consider any challenge to the circuit court's denial of petitioner's Rule 35(b). However, we address the procedural issue petitioner raises in connection with his Rule 35(b) motion—access to his complete probation file—given his probation officer's testimony at the revocation hearing that the officer could not recall certain facts because he did not bring the relevant documentation so that his memory could be refreshed.

With regard to the court's December 14, 2015, order, in syllabus point 1 of *State v. Inscore*, 219 W.Va. 443, 634 S.E.2d 389 (2006), we reiterated the following standard of review:

> "When reviewing the findings of fact and conclusions of law of a circuit court sentencing a defendant following a revocation of probation, we apply a three-pronged standard of review. We review the decision on the probation revocation motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syllabus Point 1, *State v. Duke*, 200 W.Va. 356, 489 S.E.2d 738 (1997).

On appeal, petitioner argues that the evidence at the revocation hearing was insufficient to prove by a clear preponderance of the evidence that he violated the requirement that he meet with his probation officer once each month. *See* Syl. Pt. 3, *State ex rel. Jones v. Trent*, 200 W.Va. 538, 490 S.E.2d 357 (1997); Syl. Pt. 4, *Sigman v. Whyte*, 165 W.Va. 356, 268 S.E.2d 603 (1980).[3] However, the probation officer testified that petitioner was informed at the beginning of his probation that he was required to meet with the officer once each month, which testimony was supported by the rules and regulations of probation signed and initialed by petitioner. The probation officer further testified that the requirement that petitioner meet with him once each month was *never* modified.

Petitioner contends that due process of law required that he have access to his complete file so that he could adequately cross-examine the officer when he testified that he could not recall certain facts regarding the times when petitioner reported to the probation department. Due process requires that a probationer has the right to cross-examine witnesses at the revocation hearing. *See Jones*, 200 W.Va. at 539, 490 S.E.2d at 358, syl. pt. 2; Syl. Pt. 12, *Louk v. Haynes*, 159 W.Va. 482, 223 S.E.2d 780 (1976). However, according to petitioner, "[m]odifications to the original conditions of probation were given *orally, but never written in [petitioner]'s file*." (emphasis added). Thus, we fail to discern how having access to his complete file would have aided petitioner in cross-examining the officer as to whether he ever orally modified the terms and

_____

[3]Both the parties and the circuit court refer to this standard as requiring proof by clear and convincing evidence. *See State v. Ketchum*, 169 W.Va. 9, 13 n.4, 289 S.E.2d 657, 659 n.4 (1981) (stating that "[o]ur standard of a 'clear preponderance' is . . . more in line with the new ABA *Standards for Criminal Justice*, p. 18-532 (2nd ed. 1980), which require clear and convincing evidence").

conditions of petitioner's probation. Therefore, we find that petitioner's not having access to his complete probation file was not a violation of due process of law.

Petitioner accuses the probation officer of lying that he never told petitioner that he could meet with the officer every other month. The State counters that we defer to the circuit court's determination of the probation officer's credibility. "An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact." *State v. Guthrie*, 194 W.Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995). Based on our review of the excerpt of the probation officer's testimony submitted by petitioner, we find no reason to disturb the circuit court's determination that the officer's testimony was credible. Therefore, we conclude that the circuit court did not abuse its discretion in finding that, based on a clear preponderance of the evidence, petitioner violated the requirement that he meet with his probation officer once each month. Finally, given that petitioner persistently disregarded a term and condition of his probation, we further conclude that the circuit court did not abuse its discretion in extending petitioner's probation for an additional twelve months.

For the foregoing reasons, we affirm the circuit court's December 14, 2015, order finding that petitioner violated the terms and conditions of his probation and extending his probationary period by an additional twelve months for the violation.

Affirmed.

**ISSUED**:   February 17, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

4