**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 22-0267** (Harrison County 21-F-124)

**Edward Y.,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Edward Y. appeals the Circuit Court of Harrison County's March 7, 2022, order sentencing him following his convictions for incest, second-degree sexual assault, and sexual abuse by a parent, guardian, custodian or person in a position of trust.[1] On appeal, he argues that he should have been acquitted after the circuit court improperly excused a juror during his trial. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

Petitioner was indicted on twenty-four counts: eight counts each of incest, second-degree sexual assault and sexual abuse by a parent, guardian, custodian, or person in a position of trust. The charges in the indictment stemmed from various sexual offenses against his niece, who was between the ages of twelve and sixteen at all times relevant to the indictment, who resided in his home, and over whom he had been granted a guardianship.

Petitioner proceeded to a jury trial on the counts alleged in the indictment. After the judge instructed the jurors, the court recessed for the day. On the following day, before deliberations occurred, one of the jurors advised the court that she had concerns about whether or not she could be fair and impartial based upon the instructions. After the judge conducted an inquiry with the juror and consulted with counsel, the judge excused the juror for cause and called the first alternate juror. Prior to the juror's dismissal, petitioner's counsel responded "I don't have a position" about the dismissal. After the juror was dismissed, however, petitioner's counsel stated, "Yes, actually, since I probably should do this to preserve it for appeal, I object to the dismissal of that juror." The

---

[1] Petitioner appears by counsel Jeremy B. Cooper. Respondent appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General William E. Longwell. We note that initials are used where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

case proceeded to verdict with an alternate juror and petitioner was ultimately convicted on all counts.

Petitioner appeals following entry of the court's March 7, 2022, sentencing order, arguing that the circuit court erred by dismissing the juror for inability to serve, over petitioner's objection, prior to the verdict. Respondent claims that petitioner failed to present a timely or sufficient objection to the discharge of the juror. Upon our review, petitioner's claim that he objected to the dismissal of the juror is belied by the record on appeal, as the record demonstrates that petitioner made no objection to the dismissal until after the juror had already been excused. Accordingly, his objection was not timely. Moreover, petitioner's untimely objection did not set forth the substantive basis for the objection, and, therefore, was deficient. "To preserve an issue for appellate review, a party must articulate it with such sufficient distinctiveness to alert a circuit court to the nature of the claimed defect." Syl. Pt. 2, *State ex rel. Cooper v. Caperton*, 196 W. Va. 208, 470 S.E.2d 162 (1996). Although petitioner presented an untimely and deficient objection and we could find that he waived his opportunity to present this argument on appeal, we nevertheless find that his argument fails on the merits as well.

"Matters of qualifications of jurors are left to the discretion of the trial court and will not be disturbed, absent an abuse of the discretion." *State v. Crouch*, 178 W. Va. 221, 224, 358 S.E.2d 782, 785 (1987). Additionally,

"[w]hen considering whether to excuse a prospective juror for cause, a trial court is required to consider the totality of the circumstances and grounds relating to a potential request to excuse a prospective juror, to make a full inquiry to examine those circumstances and to resolve any doubts in favor of excusing the juror."

Syl. Pt. 3, *O'Dell v. Miller*, 211 W. Va. 285, 565 S.E.2d 407 (2002). In fact, Rule 24 of the West

Virginia Rules of Criminal Procedure[2] and West Virginia Code § 62-3-3[3] provide authority for the court to utilize alternate jurors.

Petitioner's argument that the juror should not have been dismissed is without merit. When the juror raised concerns about her ability to continue to serve on the panel, the court made a full inquiry and the juror responded that she was uncertain as to whether she could be fair and impartial. Accordingly, the court dismissed the juror. Certainly, had the juror expressed this concern during voir dire, the juror would not have been selected for the jury panel. *O'Dell*, 211 W. Va. at 290, 565 S.E.2d at 412 ("Jurors who on *voir dire* of the panel indicate possible prejudice should be excused, or should be questioned individually either by the court or by counsel to precisely determine whether they entertain bias or prejudice for or against either party, requiring their excuse." (quoting Syl. Pt. 3, *State v. Pratt*, 161 W. Va. 530, 244 S.E.2d 227 (1978))). Given the juror's statement that she was unsure that she could be fair and impartial, we decline to find that the court abused its discretion in excusing the juror. This is especially true where, as was the case in petitioner's trial, the jurors had not yet deliberated and an alternate juror was readily available to ensure that a full jury panel could proceed with deliberations. Accordingly, petitioner is entitled to no relief.

For the foregoing reasons, we affirm.

---

[2] Rule 24(c) of the West Virginia Rules of Criminal Procedure provides:

**Alternate Jurors.** The court may direct that more jurors in addition to the regular jury be called and impaneled to sit as alternate jurors. Alternate jurors in the order in which they are called shall replace jurors who, prior to the time the jury retires to consider its verdict, become or are found to be unable or disqualified to perform their duties. Alternate jurors shall be drawn in the same manner, shall have the same qualifications, shall be subject to the same examination and challenges, shall take the same oath, and shall have the same functions, powers, facilities and privileges as the regular jurors. An alternate juror who does not replace a regular juror shall be discharged after the jury retires to consider its verdict. Each side is entitled to one peremptory challenge in addition to those otherwise allowed by law if one or two alternate jurors are to be impaneled, two peremptory challenges if three or four alternate jurors are to be impaneled, and three peremptory challenges if five or six alternate jurors are to be impaneled. The additional peremptory challenges may be used against an alternate juror only, and the other peremptory challenges allowed by these rules may not be used against an alternate juror.

[3] West Virginia Code § 62-3-3, in relevant part, provides:

Whenever, in the opinion of the court the trial is likely to be a protracted one, the court may direct that not more than four jurors, in addition to the regular jury, be called and impanelled to sit as alternate jurors. Alternate jurors in the order in which they are called shall replace jurors who, prior to the time the jury retires to consider its verdict, become unable or disqualified to perform their duties.

Affirmed.

**ISSUED:** September 15, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn