STATE OF WEST VIRGINIA

*v.*

THURMAN MATTHEW VANCE

(No. 13820)

Decided December 19, 1978.

468

*Valentine, Wilson & Partain, William G. Wilson and Eric H. O'Briant,* for plaintiff in error.

*Chauncey H. Browning,* Attorney General, and *Claude A. Brown,* Assistant Attorney General, for defendant in error.

McGRAW, JUSTICE:

Defendant, Thurman Matthew Vance, appeals a judgment of conviction entered after a jury found him guilty of breaking and entering in violation of W.Va. Code, 61-3-12 [1923]. We granted Vance a writ of error and supersedeas and now affirm the judgment.

Vance makes several assignments of error; we begin by addressing his claim that the trial court erred in admitting his confession.

The defendant contended in the trial court that he was assaulted by one of the arresting officers and that he was told by police officials that if he did not confess

to the crime he would be sorry. The trial court held the mandatory *in camera* hearing as to voluntariness outside of the presence of the jury, *see e.g.,* syl. pt. 1, *Spaulding v. Warren,* ___ W. Va. ___, 212 S. E. 2d 619 (1975) and after hearing all the evidence adduced thereon, both on behalf of the State and the defendant, ruled that the confession was admissible in evidence.

## I

As a matter of constitutional law in this country "[t]he State must prove, at least by a preponderance of the evidence, that confessions or statements of an accused which amount to admissions of part or all of an offense were voluntary before such may be admitted into the evidence of a criminal case." Syl. pt. 5, *State v. Starr,* ___ W. Va. ___, 216 S.E.2d 242 (1975), *citing, Lego v. Twomey,* 404 U.S. 477, 92 S. Ct. 619, 30 L. Ed.2d 618 (1972), and it is a well-established rule of appellate review in this state that a trial court has wide discretion in regard to the admissibility of confessions and ordinarily this discretion will not be disturbed on review. *State v. Starr, supra,* and the cases cited therein. This is but another way of expressing the concept, as is the law followed in most jurisdictions, that a trial court's decision regarding the voluntariness of a confession will not be disturbed unless it is plainly wrong or clearly against the weight of the evidence. *See* 3 C. Torcia, *Wharton's Criminal Evidence,* § 672, n. 82 (13th ed. 1973).

Although the trial judge made no specific findings of fact on the credibility issues involved, which would have been a preferable procedure, it is clear from the evidence that the required standard was met and the confession used at trial was voluntarily given.

The defendant, however, urges this Court to overrule the recent decision in *Starr* and hold that the State must prove the voluntariness of the extrajudicial confession, admission or incriminating statement beyond a reasonable doubt as a condition precedent to its admissibility. The United States Supreme Court in *Lego v. Twomey, supra,* in a 4 to 3 opinion per Mr. Justice White,

expressly rejected the argument that a beyond a reasonable doubt standard is constitutionally required under the Due Process Clause of the Fourteenth Amendment. We likewise at this time decline to require a beyond a reasonable doubt standard under the supervisory power of the court or under the state constitution, although we are aware that several state courts currently employ the reasonable doubt standard urged on this Court by the defendant.[1] Despite our rejection of defendant's argument, we conclude the procedures to be employed by the trial courts in this state for determining the voluntariness of confessions should be clarified.

There is a split of authority on the procedures to be followed in making voluntariness determinations; the disagreement concerns the allocation of responsibility as between the trial court and the jury for determining the voluntariness issue.[2] A majority of jurisdictions follow the "Wigmore" or "orthodox" rule. Under this rule, the trial judge makes the final and sole determination as a matter of law as to the voluntariness of the confession. If found to be voluntary, the confession is admitted into evidence and the jury is to consider the voluntariness of the confession only as affecting the weight or credibility to be given to it.

---

[1] *See People v. Jimenez,* ____ Cal.3d ____, 147 Cal. Rptr. 172, ____ P.2d ____ (1978); *State ex rel. Goodchild v. Burke,* 27 Wisc. 2d 244, 133 N.W.2d 753 (1965); *Lego v. Twomey,* 404 U. S. 477, 92 S. Ct. 619, 30 L. Ed.2d 618 (1972) at n. 1; *Annot.* 1 A.L.R.2d 1251 (1965).

[2] For an elaborate effort to definitively classify the federal and state jurisdictions\following the "orthodox," New York or "Massachusetts" rule, *see Jackson v. Denno,* 378 U.S. 368, 84 S. Ct. 1774, 12 L. Ed.2d 908 (1964), wherein the New York rule was held violative of the due process clause of the Fourteenth Amendment. That court noted the difficulty in ascertaining from appellate court opinions which rule was followed in some states. Mr. Justice Black, dissenting, classified West Virginia in those authorities following the orthodox rule citing *State v. Vance,* 146 W. Va. 925, 934-35, 124 S.E.2d 252, 257 (1962), and *State v. Brady,* 104 W. Va. 523, 529-30, 140 S.E. 546, 549 (1927), while recognizing that a few states have two or more lines of cases suggesting approval of as many rules; *See also* 29 Am. Jur.2d *Evidence* § 587 (1967); 3 C. Torcia *Wharton's Criminal Evidence* § 672 (13th ed. 1973).

In other jurisdictions following the "Massachusetts" or "humane" rule, the trial court makes an initial determination as to voluntariness, and if the court finds the confession voluntary, the jury is instructed that it must find the confession to be voluntary before they can consider it as evidence in the case.

In this jurisdiction there are two lines of authority on the question.[3] As a result of this inconsistency, both approaches are being employed simultaneously in the trial courts of this state. An examination of the records in various cases currently before the Court indicates a lack of uniformity in trial practice; that is, in some cases the trial court judge makes the final determination as to admissibility while in others the jury also considers the voluntariness issue under instructions advising them that they have the right to reject any confession and wholly disregard it in their deliberations if they should find that the confession of the defendant was not freely and voluntarily made.[4]

---

[3] The language of some of the opinions in this jurisdiction do not discuss or expressly make clear which rule was approved or which rule was employed by the trial court in the trial of the case. In the case of *State v. Goldizen*, 93 W. Va. 328, 337, 116 S.E. 687, 691 (1923), however, this jurisdiction clearly approved the "Massachusetts" or "humane" rule. *See also State v. Morgan*, 35 W. Va. 260, 266 (1891). The more recent cases clearly followed the "Wigmore" or "orthodox" rule without mention of the earlier cases. Syl. pt. 4 & 5, *State v. Plantz*, 155 W. Va. 24, 180 S.E.2d 614 (1971); *State v. Hamric*, 151 W. Va. 1, 22-3, 151 S.E.2d 252, 266 (1966). These cases appear to sanction the "orthodox" approach. *State v. Bruner*, 143 W. Va. 755, 768-770, 105 S.E.2d 140, 147 (1958); *State v. Brady*, 104 W. Va. 523, 529-530, 140 S.E. 546, 549 (1927); *see also Kinder v. Boles*, 253 F. Supp. 817 (1966), while it appears the "humane" approach was employed in *State v. Richards*, 101 W. Va. 136, 145, 132 S.E. 375, 379 (1926) and *State v. Mayle*, 108 W. Va. 681, 152 S.E. 633 (1930).

[4] The following instructions were approved in *Goldizen, supra*, n. 3, and instructions substantially like these are currently in widespread use in this State:

The court instructs the jury that if they did not believe that the confession made by the defendant and read by the witness Welch in his evidence to the jury was freely and voluntarily made, then they had the right to reject the confession wholly from consideration.

We now reconcile the inconsistency relating to the procedure to be employed on the issue of voluntariness by adopting the "Massachusetts" or "humane" rule whereby the jury can consider the voluntariness of a confession, and we approve of an instruction telling the jury to disregard the confession unless it finds that the State has proved by a preponderance of the evidence that it was made voluntarily.

We are concerned, as have been other appellate courts[5] adopting the "Massachusetts" or "humane" rule with the constitutional right to a trial by jury on all issues of fact. As the Supreme Court of Vermont recently stated in *State v. Harbaugh,* 132 Vt. 569, 579, 326 A.2d 821, 827 (1974):

> [W]e feel the so-called "orthodox rule" contains aspects of harshness inconsistent with the general administration of criminal law in this jurisdiction. It attaches to the preliminary determination of the court an aura of infallibility which, while it may be consistent with the requirements of the constitution, is not consistent with the general concepts of the right to jury trial.

In this case the defense did not proffer an instruction, and the court did not give any instruction with respect to the confession.[6] We must determine whether the fail-

---

The court instructs the jury that if they did not believe that the confession was freely made without influence of hope or fear held out by the officers, then they were at liberty to disregard the confession.

*See* 2 E. Abbott & S. E. Solomon, *Instructions for Virginia and West Virginia* 721 (2d ed. 1972); 7 M. J. *Evidence* § 29 (1976).

[5] *People v. Huntley,* 15 N.Y.2d 72, 255 N.Y.S.2d 838, 204 N.E.2d 179 (1965); *State v. Brewton,* 238 Or. 590, 395 P.2d 874 (1964); *Lopez v. State,* 384 S.W.2d 345 (Tex. Crim. App. 1964)

[6] Apparently the trial court was attempting to follow the "Massachusetts" or "humane" rule: At the conclusion of the *in camera* hearing, the judge in making his ruling stated:

Then the motion to suppress is overruled. You may bring it up in front of the jury if you desire, the voluntariness of the confession.

ure to instruct the jury on the voluntariness issue constitutes reversible error.

First, we note that there is no Sixth Amendment right to have a jury redetermine the voluntariness issue once the trial judge has decided the matter, *Lego v. Twomey, supra,* at 490-91, 92 S. Ct. at 627, 30 L. Ed.2d at 627-28, and as a general rule trial courts have no duty to give instructions *sua sponte* on collateral issues not involving an element of the offense being tried. Given the state of law at trial on this issue, we cannot say that the trial court committed reversible error by not on its own motion submitting the voluntariness issue to the jury. However, in all trials conducted hereafter where a confession or admission is objected to by the defendant at trial on the grounds of voluntariness, he is entitled to an instruction upon request.

The writer of this opinion, however, is of the view that the better rule is that the trial court is under a duty to instruct on the issue of voluntariness whether counsel requests it or not. *See, e.g., State v. Scott,* 200 Neb. 265, 263 N.W.2d 659 (1978); *State v. Bray,* 106 Ariz. 185, 472 P.2d 54 (1970) (In Banc).

## II

The defendant also assigns as error the denial of a pretrial motion to disqualify the entire panel of petit jurors called for service at the January 1975, term of the Circuit Court of Logan County, on the ground that the judge conducted an unrecorded, private orientation meeting with the entire panel on the first day of the jury's service.

The defense does not argue they were purposefully excluded by the trial court from the orientation meeting, rather it is argued that there is no justification for removing a panel of petit jurors from the main court room and that there is no reliable way of ascertaining whether or not improper remarks and statements were made to the jury without a record being made of the proceeding. The defense concedes that an orientation meeting

held in the main public court room, with instructions of a general nature being given to the jury, would not have offended legal and judicial principles of fair play, even though it is preferable that orientation be made by the use of juror handbooks.[7] The State argues that the orientation meeting with the newly-called jurors was not a critical stage of the trial proceeding such as would require the presence of the accused and his counsel and that even if the orientation meeting was a critical stage of the trial proceedings, the error was harmless beyond a reasonable doubt. *See, e.g., State v. Boyd,* ____ W. Va. ____, 233 S.E.2d 710 (1977). The defense does not appear to dispute the contention that an orientation meeting is not a critical stage, but they contend that such meetings should be transcribed in view of the danger of prejudice to a defendant's right to a fair trial by an impartial jury.

We conclude that a pretrial orientation meeting is not a critical stage of the trial proceedings requiring the presence of an accused and counsel. *Brown v. State,* 29 Md. App. 1, 349 A.2d 359 (Ct. Spec. App. 1975); *Annot.* 89 A.L.R.2d 197, 238 (1963).

No review of the evidence on this issue is necessary; it suffices to say there was no showing in the disqualification hearing that any type of prejudicial remark was made by the trial court judge in the orientation meeting on February 10, 1975, which might have affected the jury in the trial of the case on April 1, 1975. All the evidence indicates the contrary, but it is impossible to precisely reconstruct the actual event in its entirety since the orientation meeting was not transcribed.

Neither the State nor the defendant has cited a West Virginia case nor has our research discovered one which deals directly with the question presented here. We take judicial notice, however, that it has been custom for presiding judges in several judicial circuits in this state to conduct orientation meetings with prospective jurors

---

[7] *See* n. 10, *infra.*

to acquaint them with their duties and responsibilities in this unfamiliar role.[8] Indeed, it appears such has been the practice for many years in several other states.[9] The American Bar Association's position is stated thusly:[10]

> Prospective jurors should receive an orientation which informs them of the nature of their duties and introduces them to trial procedure and legal terminology, but which does not include anything to be regarded by the jurors as instructions of law to be applied in any case or anything that may prejudice a party or mislead the jurors. It is preferable that this orientation be accomplished by the use of juror handbooks, which may but need not be implemented by oral instructions.

Commentary accompanying the standard indicates that more recently many states have adopted the practice of issuing printed instruction booklets or pamphlets to persons summoned to jury service. The current federal edition is located at 26 F.R.D. 409, 545-58 (1961).

All authorities and commentators are thus in agreement that there is a need for and it is proper to initiate the jury panel at the beginning of the term by informing them of their duties and responsibilities.

The general law is summarized accurately by a Michigan court in *Mele v. Becker*, 1 Mich. App. 172, 175, 134 N.W. 2d 846, 847-48 (Ct. App. Mich. 1965):

> [T]here are certain guidelines that must be followed by the judge in carrying on this indoctrination. He must not make suggestions or statements which are likely to influence the decision of the jurors when they are called upon later to sit in a given case. Further, he should avoid misstatements of the law, remarks disparaging

---

[8] *See generally,* Moore, *The W. Va. Bar Assoc. Preliminary Remarks to Jurors,* 47 W. Va. L.Q. 323 (1941) Young, *Apathy of the Jury* at 65th Meeting, W. Va. Bar Ass'n (1949).

[9] *Annot.,* 89 A.L.R.2d 197, 201-02 (1963).

[10] ABA Project on Standards for Crim. Just." *Standard Relating to Jury Trials* § 3.1 (1968).

> any defenses which may be made in cases to be tried, and also any references to particular cases which might come before the jurors. Annot., 89 A.L.R.2d 234 (1963). Such acts on his part will be found to be reversible error by most appellate courts. Gross v. Commonwealth (Ky. 1953), 256 S.W.2d 366.
>
> . . .
>
> Appellate courts have not seen fit to overturn a decision of a trial court merely on the basis of some erroneous statement made by the presiding judge in his preliminary remarks. Rather, these courts have found that *some prejudice must be proved* by the complaining party because of these remarks. (citations omitted) (emphasis in original)

That many states and the federal trial courts prefer and widely utilize juror handbooks and the like indicates that oral dissertations present substantial dangers to an accused's constitutional right to a fair and impartial jury. That a trial judge might commit a slip of the tongue or make an erroneous statement of law is not disputable.[11]

We, therefore, hold on a prospective basis that a court reporter must be present during any orientation meeting held to record the proceedings. Because no prejudice was shown to the rights of the defendant here, however, reversal of the judgment of conviction is not required.

The defendant also assigns as error the trial court's refusal to give several instructions tendered by the defense. In every instance, however, the record shows that the defendant either did not object to or make argument on the trial court's ruling, or agreed that the instruction was covered by another defense instruction, or offered an instruction containing an erroneous statement of the law.

The defendant's only argument contained in his brief is that the refusal of the instructions offered denied the

---

[11] *Comment,* 8 DePaul L. Rev. 393, 403-04 (1959).

defendant the right to have the jury instructed on his theory of the case. It is clear that this argument and assignment is without merit. The defense in this case was that of alibi, and the defense offered and the court gave an instruction as to the alibi defense which adequately covered the defendant's theory. The instructions given in this case are founded upon the evidence, correctly state the law applicable to the case, and fully cover the theory of the defense.

The defendant also urges this Court to declare W.Va. Code, 52-1-2 [1957], and related statutory provisions dealing with the selection of petit jurors, unconstitutional as violative of due process and equal protection under both the federal and state constitutions. These arguments, raised on appeal for the first time, were considered recently and rejected in *State v. Johnson,* ____ W. Va. ____, 201 S.E.2d 309 (1973), and we reaffirm that decision. The other assignments of error presented in this appeal are without merit and raise no issue of jurisprudential significance.

For the foregoing reasons, we affirm the judgment of conviction.

*Affirmed.*