STATE OF WEST VIRGINIA

*v.*

JOHN TAYLOR, JR.

(No. 14465)

Decided December 2, 1981.

*Stephen R. Brooks and David R. Janes*, for plaintiff in error.

*Chauncey H. Browning*, Attorney General, *and S. Clark Woodroe*, Assistant Attorney General, for defendant in error.

HARSHBARGER, CHIEF JUSTICE:

Seventy-three year old Helen Meredith was badly beaten by a burglar in her home, was hospitalized, and did not recover her ability to communicate during the nine days until she died from her injuries. Her sister, with whom she lived, was also assaulted by the burglar, but never saw his face. The thief took both their purses.

Taylor, convicted by a jury in Preston County of first-degree murder (his trial was moved there from Marion County where the crime occurred), was the felony-murder suspect because of the location and timing of the crime and another crime allegedly committed by him; and he was questioned by police. He had been a trustee assigned to the Fairmont State Police Barracks. He signed a waiver of rights form and written confession, but later said he was prevented by policemen from getting a lawyer. After an *in camera* suppression hearing wherein Taylor's testimony was contradicted by several officers and by signed documents, the trial court determined as a matter of law

that his confession was voluntarily, knowingly made and admissible. *State v. Vance,* 162 W. Va. 467, 250 S.E.2d 146 (1978), Syllabus Points 2 and 3.

Defendant requested that the voluntariness of his confession be submitted to his jury. In December, 1978, months after Taylor's trial, we decided *State v. Vance, supra,* and adopted the "Massachusetts" or "humane" rule that permits juries to consider voluntariness of confessions. Syllabus Point 5 held:

> "In all trials conducted hereafter where a confession or admission is objected to by the defendant at trial or prior to trial on the grounds of voluntariness, the trial court must instruct the jury on this issue if requested by the defendant."

This rule is not constitutionally required. *Ibid.,* 250 S.E.2d at 151. Failure by trial courts to submit the question to juries before *Vance* was not reversible error. Taylor's trial antedated *Vance,* and so it was not reversible error.

The trial court denied Taylor's motion that he be allowed to testify solely about his confession, and not be cross-examined about the crime itself. Defendant argued that *Simmons v. United States,* 390 U.S. 377, 88 S. Ct. 967, 19 L. Ed.2d 1247 (1968), forbids courts from requiring defendants to opt between constitutional rights. Had Taylor been put to that choice, we would agree with him. In *Simmons* there was a Hobson's choice between exercise of Fourth and Fifth Amendment rights. Garrett, a defendant in *Simmons,* argued that the admission of *in camera* suppression hearing testimony on a substantial Fourth Amendment claim at his trial on the issue of guilt impaired his self-incrimination protection. The court reasoned:

> "A defendant is 'compelled' to testify in support of a motion to suppress only in the sense that if he refrains from testifying he will have to forgo a benefit, and testimony is not always involuntary as a matter of law simply because it is given to obtain a benefit. However, the assumption which

underlies this reasoning is that the defendant has a choice: he may refuse to testify and give up the benefit. When this assumption is applied to a situation in which the "benefit" to be gained is that afforded by another provision of the Bill of Rights, an undeniable tension is created. Thus in this case Garrett was obliged either to give up what he believed, with advice of counsel, to be a valid Fourth Amendment claim or, in legal effect, to waive his Fifth Amendment privilege against self-incrimination. In these circumstances, we find it intolerable that one constitutional right should have to be surrendered in order to assert another. We therefore hold that when a defendant testifies in support of a motion to suppress evidence on Fourth Amendment grounds, his testimony may not thereafter be admitted against him at trial on the issue of guilt unless he makes no objection." (Footnotes omitted.) *Simmons v. United States, supra* 390 U.S., at 393-394, 19 L.Ed.2d, at 1259.

Taylor's claim of conflicting constitutional choices both relate to self-incrimination. His confession is inadmissible if not voluntary. *State v. Rissler*, ___ W. Va. ___, 270 S.E.2d 778 (1980); W. Va. Const. art. III, §5. The State is required to hold a hearing on voluntariness of the confession. *State v. Clawson*, ___ W. Va. ___, 270 S.E.2d 659 (1980); *State v. Fortner*, 150 W. Va. 571, 148 S.E.2d 669 (1966). Taylor chose to testify at his *in camera* voluntariness hearing. This protected his Fifth Amendment claim against coerced confessions. He did not testify at trial and the voluntariness issue was not presented to the jury. He opted not to testify at trial because doing so would subject him to cross-examination on other issues relevant to the crime. This is the choice each defendant faces in exercising his privilege not to testify. There is no Fifth Amendment privilege of selective testimony. The *in camera* hearing protected Taylor's right to challenge the confession without forcing him to testify at trial. None of his constitutional rights were abrogated in this process. The judge correctly applied W. Va. Code, 57-3-6,* that permits exam-

---

* W. Va. Code, 57-3-6:

ination and cross-examination of defendants on all matters relevant to a crime when they voluntarily testify. *State v. Simmons*, 148 W. Va. 340, 135 S.E.2d 252 (1964); *but see* limitations in *State v. McAboy*, 160 W. Va. 497, 236 S.E.2d 431 (1977).

It is within the sound discretion of a trial court whether to permit a jury in a criminal case to take defendant's written confession into the jury room. *State v. Corbin*, 117 W. Va. 241, 256, 186 S.E. 179 (1936). There is a plethora of opinions in accord. *See* cases cited in Annot., Permitting Documents or Tape Recordings Containing Confessions of Guilt or Incriminating Admissions To Be Taken Into Jury Room in Criminal Case, 37 A.L.R.3d 238, 243-252 (1971 and Supp.).

Finally, Taylor, citing *State v. Pendry*, 159 W. Va. 738, 227 S.E.2d 210 (1976), requested that we declare the felony-murder rule unconstitutional because it presumes a material element of murder—intent.

We have addressed and rejected that argument in *State v. Sims*, ___ W. Va. ___, 248 S.E.2d 834, 841 (1978), and *State ex rel. Peacher v. Sencindiver*, 160 W. Va. 314, 233 S.E.2d 425 (1977).

Once again, the felony-murder rule codified in W. Va. Code, 61-2-1, is constitutional.

*Affirmed.*

---

"In any trial or examination in or before any court or officer for a felony or misdemeanor, the accused shall, with his consent (but not otherwise), be a competent witness on such trial or examination; and if he so voluntarily becomes a witness he shall, as to all matters relevant to the issue, be deemed to have waived his privilege of not giving evidence against himself and shall be subject to cross-examination as any other witness; but his failure to testify shall create no presumption against him, nor be the subject of any comment before the court or jury by anyone."