## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 12-0191** (Roane County 10-F-34)

**John M. Shaffer Jr.,**
**Defendant Below, Petitioner**

**FILED**

March 12, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner John M. Shaffer Jr., by counsel Richard Lorensen, appeals the Circuit Court of Roane County's sentencing order entered on January 12, 2012. The State of West Virginia, by counsel Laura Young, has filed its response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted on three counts of sexual abuse by a parent, guardian, or custodian as to C.L., and three counts of sexual abuse by a parent, guardian, or custodian as to S.W. Petitioner was convicted on all six counts of sexual abuse by a custodian as charged in the indictment. Petitioner was sentenced to thirty to sixty years of incarceration with a $30,000 fine and fifty years of supervised release.

On appeal, petitioner first argues the trial court erroneously admitted into evidence a confession after petitioner was interrogated by the West Virginia State Police for several hours. Petitioner argues he was not given a meaningful in-camera hearing on the voluntariness of his confession, the duress he was suffering when he gave the statement, whether he understood his Miranda rights, and whether he needed medication. The State argues the trial court addressed the voluntariness of petitioner's statement in a pre-trial hearing and on the morning of trial. The State argues petitioner's counsel failed to object to the statement and was given the opportunity to present evidence on the issue but stated she did not have any evidence.

We have previously held that "'[a] trial court's decision regarding the voluntariness of a confession will not be disturbed unless it is plainly wrong or clearly against the weight of the evidence.' Syl. Pt. 3, *State v. Vance*, 162 W.Va. 467, 250 S.E.2d 146 (1978)." Syl. Pt. 1, *State v. Jones*, 220 W.Va. 214, 640 S.E.2d 564 (2006). "'One of the most familiar procedural rubrics in the administration of justice is the rule that the failure of a litigant to assert a right in the trial court likely will result' in the imposition of a procedural bar to an appeal of that issue." *State v.*

1

*Miller,* 194 W.Va. 3, 17, 459 S.E.2d 114, 128 (1995) (quoting *United States v. Calverley,* 37 F.3d 160, 162 (5th Cir.1994) (*en banc*), *cert. denied,* 513 U.S. 1196, 115 S.Ct. 1266, 131 L.Ed.2d 145 (1995)). In this case, the trial court addressed the voluntariness of petitioner's statement in a pre-trial hearing and, on the morning of trial, counsel declined to present any additional evidence regarding the statement, and counsel did not object. For these reasons, this Court finds the trial court's decision was not plainly wrong or clearly against the weight of the evidence.

Petitioner also argues that the trial court improperly admitted evidence pursuant to Rule 404(b) of the West Virginia Rules of Evidence without any corroborating evidence. In response, the State argues trial counsel waived any objection in regards to Rule 404(b) evidence because the evidence was admitted without objection. Additionally, the State argues the evidence was properly admitted for the purpose of showing petitioner's lustful disposition toward children as his motive and intent, after a Rule 404(b) hearing pursuant to *State v. McGinnis*, 193 W.Va. 147, 455 S.E.2d 516 (1994).

This Court has articulated the following standard of review for an appeal of a trial court's admission of 404(b) evidence:

> The standard of review for a trial court's admission of evidence pursuant to Rule 404(b) involves a three-step analysis. First, we review for clear error the trial court's factual determination that there is sufficient evidence to show the other acts occurred. Second, we review *de novo* whether the trial court correctly found the evidence was admissible for a legitimate purpose. Third, we review for an abuse of discretion the trial court's conclusion that the "other acts" evidence is more probative than prejudicial under Rule 403 [of the West Virginia Rules of Evidence].

*State v. LaRock*, 196 W.Va. 294, 310-11, 470 S.E.2d 613, 629-30 (1996). Based upon a review of the record, this court finds that the circuit court did not abuse its discretion in this matter. The trial court conducted a 404(b) hearing and appellate counsel admitted that trial counsel failed to object to the admission of the 404(b) evidence, but raised the issue in post-trial motions.

Finally, petitioner argues that the circuit court erred in giving a limiting instruction related to the introduction of Rule 404(b) evidence. The record shows that after the evidence was admitted, the trial court gave a limiting instruction without objection by trial counsel. This Court has held,

> [t]he formulation of jury instructions is within the broad discretion of a circuit court, and a circuit court's giving of an instruction is reviewed under an abuse of discretion standard. A verdict should not be disturbed . . . so long as the instructions given as a whole are accurate and fair to both parties.

Syl. Pt. 6, *Tennant v. Marion Health Care Found., Inc.*, 194 W.Va. 97, 459 S.E.2d 374 (1995). We have previously held that "'[o]ur general rule is that nonjurisdictional trial error not raised in the trial court will not be addressed on appeal.' Syllabus Point 9, *State v. Humphrey*, 177 W.Va.

264, 351 S.E.2d 613 (1986)." Syl. Pt. 4, *State v. Smith*, 178 W.Va. 104, 358 S.E.2d 188 (1987). For these reasons, this Court declines to address the issue.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED**:  March 12, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II