# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

March 29, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 12-0160** (Raleigh County 11-F-57)

**John Franklin Smith,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner John Franklin Smith, by counsel Lori M. Peters, appeals the Circuit Court of Raleigh County's "Order Motion to Reconsider Under Advisement and Re-Sentencing Defendant for the Purpose of Perfecting Appeal," entered on January 11, 2012. The State of West Virginia, by counsel Laura Young, has filed its response. Petitioner has filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner confessed to several burglaries to a City of Beckley detective on July 19, 2010, and a Raleigh County deputy on July 20, 2010. During the police interviews, petitioner was advised of his Miranda rights and agreed to make a statement. At the time, he denied being under the influence of drugs or alcohol, denied feeling ill, and denied having any other problems which would affect his statement. Petitioner later moved to suppress his confession, claiming that he was impaired due to drug use during the confession. At the suppression hearing, both police officers testified that they are trained in identifying impaired individuals, and that petitioner was not impaired when he gave his statements. Petitioner's sister testified that she was present when her brother was arrested, and that he was "high." However, she admits that she did not see him at the time he gave his statements. Petitioner's wife likewise testified that petitioner was high at the time he was arrested. Petitioner testified that he had been on a month-long crack "binge," smoking crack cocaine daily at the time he was arrested and that he has no memory of giving any statement to the police. Detective Allard of the City of Beckley police was qualified as an expert in impairment, and testified that a crack cocaine high lasts, at most, half an hour, but generally only five to fifteen minutes. Detective Allard indicates that he was with petitioner for over an hour, and during that time, petitioner did not ingest more drugs. The circuit court denied suppression of the statement, finding that even if petitioner were high at the time of arrest, the high would have worn off by the time he gave the statements. The court also found that the statements were voluntarily given.

1

Petitioner was indicted on twelve counts: (1) burglary (daytime); (2) petit larceny; (3) burglary (nighttime); (4) attempt to commit a felony crime, to-wit burglary; (5) burglary (nighttime); (6) petit larceny; (7) destruction of property; (8) burglary (daytime); (9) grand larceny; (10) destruction of property; (11) conspiracy to commit a felony crime, to-wit burglary; and (12) burglary (nighttime). The trial of this matter began on June 27, 2011. On June 28, 2011, petitioner was found guilty on all but Count 5, which was dismissed prior to the verdict.

Petitioner was sentenced by order entered on August 18, 2011, to the following: one to ten years of incarceration for burglary (daytime); one year of incarceration for petit larceny; one to fifteen years of incarceration for burglary (nighttime); one to three years for attempt to commit a felony crime, to-wit burglary; one year of incarceration for petit larceny; one year of incarceration for destruction of property; one to fifteen years of incarceration for burglary (daytime) based on forced entry for this crime; one to ten years of incarceration for grand larceny; one year of incarceration for destruction of property; one to five years of incarceration for conspiracy to commit burglary; and, one to fifteen years for burglary (nighttime). Count 12 is enhanced pursuant to West Virginia Code § 61-11-18(a) to two to fifteen years. Counts 8 and 12 are to run consecutively, counts 3 and 12 are to run consecutively, and counts 1, 2, 4, 6, 7, 9, 10, and 11 run concurrently with one another and concurrently with count 12. Restitution was also ordered.

Petitioner moved to reconsider his sentence and for resentencing to effectuate an appeal. Petitioner's motion to reconsider his sentence and his motion for resentencing were ruled upon in an order entered on January 11, 2012. Petitioner was resentenced, and the court took the motion to reconsider under advisement.

Petitioner now appeals on several issues.[1] First, he argues that the circuit court erred in not suppressing his confession, because he was high on crack cocaine at the time. He argues that his family testified that he was high at the time of his arrest, and even if he was not high at the time of the confession, he was in withdrawal based on his month-long drug "binge." The State argues that the circuit court properly denied the motion to suppress based on the expert witness testimony that a crack cocaine high would have worn off prior to the confession in question and based on the testimony of the officers who observed him that petitioner was not high at the time of his confession.

"'A trial court's decision regarding the voluntariness of a confession will not be disturbed unless it is plainly wrong or clearly against the weight of the evidence.' Syl. Pt. 3, *State v. Vance*, 162 W.Va. 467, 250 S.E.2d 146 (1978)." Syl. Pt. 1, *State v. Jones,* 220 W.Va. 214, 640 S.E.2d 564 (2006). Further, when an appellate court reviews the ruling on a motion to suppress, all facts should be construed in favor of the prevailing party below. Syl. Pt. 3, *Jones.* In order to determine if the statement was made voluntarily, the court must assess the totality of the circumstances. *State v. Black*, 227 W.Va. 297, 708 S.E.2d 491 (2010). The totality of the circumstances include: "the defendant's age, intelligence, background and experience with the criminal justice system, the purpose and flagrancy of any police misconduct, and the length of

---

[1] Petitioner officially withdrew his fourth assignment of error on appeal and thus the same is not addressed herein.

the interview, . . . [including] moral and psychological pressures to confess emanating from official sources." *State v. Bradshaw,* 193 W.Va. 519, 527, 457 S.E.2d 456, 464 (1995). Intoxication is relevant to whether a confession was voluntary; however, the intoxication must be obvious in order to justify suppressing a confession. *State v. Hall,* 174 W.Va. 599, 328 S.E.2d 206 (1985). Based on the evidence presented, this Court finds no error or abuse of discretion by the circuit court in denying the motion to suppress petitioner's confession.

Petitioner next argues that the evidence was insufficient to support the guilty verdicts in this matter. Petitioner states that absent the confession, which should have been suppressed, there was insufficient evidence to support the conviction. The State argues that the confession was properly admitted and, even absent the confession, there was sufficient evidence in the form of the victims' testimony to support the convictions.

In reviewing criminal convictions on appeal, we have held as follows:

> "'The function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.' Syl. Pt. 1, *State v. Guthrie,* 194 W.Va. 657, 461 S.E.2d 163 (1995)." Syl. Pt. 1, *State v. Juntilla,* 227 W.Va. 492, 711 S.E.2d 562 (2011).

Syl. Pt. 8, *State v. Stone*, 229 W.Va. 271, 728 S.E.2d 155 (2012).

> "'A criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. [] Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt.' Syl. Pt. 3, in part, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995)." Syl. Pt. 2, *State v. Juntilla,* 227 W.Va. 492, 711 S.E.2d 562 (2011).

Syl. Pt. 9, *Stone*, 229 W.Va. 271, 728 S.E.2d 155. Upon our review of the record, this Court finds that the evidence was sufficient to support petitioner's convictions. We find no error by the circuit court in this regard.

Next, petitioner argues that the circuit court erred in denying his post-trial motion for acquittal as to Counts 8, 9, and 10. Petitioner argues that the value of the items indicated in these

3

counts in the indictment differed from the amounts testified to at trial. The State argues that the value of the items stolen need only equal $1,000, and the testimony given encompassed both the value of the items and the replacement costs. Pursuant to Rule 29(a) of the West Virginia Rules of Criminal Procedure, the circuit court shall order judgment of acquittal if the evidence is insufficient to sustain a conviction of one or more offenses charged in the indictment or information. Upon our review of the record, we find no error by the circuit court in denying petitioner's motion for acquittal with regard to Counts 8, 9 and 10.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** March 29, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4