# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)   No. 17-0550** (Marion County 16-F-161)

**Robert T.,**
**Defendant Below, Petitioner**

**FILED**

**May 14, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Robert T., by counsel Christopher M. Wilson, appeals the May 18, 2017, sentencing order of the Circuit Court of Marion County following his conviction of multiple sex crimes.[1] The State of West Virginia ("the State"), by counsel Scott E. Johnson, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred by not considering the totality of the circumstances when determining whether his inculpatory statements to the police were voluntarily made.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2016, petitioner was charged with two counts of first-degree sexual assault; three counts of sexual abuse by a parent, guardian, custodian, or person in a position of trust; and one count of first-degree sexual abuse. The State alleged that petitioner made inappropriate sexual contact with the minor child, K.L., while petitioner was living with the child and her mother. Later that same month, the State filed a "Motion to Determine Admissibility of Evidence" that related to petitioner's recorded inculpatory statement taken by the investigating officer.

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

The circuit court held an evidentiary hearing on the State's motion in December of 2016. The investigating officer testified that he went to petitioner's home and requested that petitioner come to the police detachment to provide a statement. Petitioner acted upset, denied the allegations, and then refused to come to the station. Petitioner indicated that he would speak to the officer on the porch where they stood. The officer orally gave petitioner his *Miranda*[2] warnings and petitioner gave an oral statement. This first interaction was not recorded because he did not expect petitioner to give a statement while at the home and did not have his digital recording device on his person. During the statement, petitioner threatened self-harm and he placed petitioner under arrest to ensure petitioner's safety, as well as the safety of others. The officer testified that he placed petitioner in his police car and turned on his digital recording device. The officer then informed petitioner of his *Miranda* rights again, but petitioner interrupted by stating that he knew his rights. Nevertheless, the officer reread petitioner the *Miranda* rights in full. (This interaction is plainly heard in the recording.) Petitioner made further inculpatory statements. At no point did petitioner ask for an attorney or request that the interrogation end. The officer's testimony was supported by the audio recording of petitioner's statement in the police cruiser. Petitioner offered no testimony or evidence in opposition to the State's motion.

In January of 2017, the circuit court entered an order finding that petitioner's recorded inculpatory statements were voluntarily given and that the *Miranda* warnings were properly administered. Pursuant to the circuit court's ruling, the recorded statement was played during petitioner's jury trial. The jury convicted petitioner of all six counts. In a May 18, 2017, order, the circuit court sentenced petitioner to 25 to 100 years for each of his convictions of first-degree sexual assault as contained in Count 1 and 2; 10 to 20 years for his conviction of sexual abuse by a parent, guardian, custodian, or person in a position of trust as contained in Count 3; 10 to 20 years for his conviction of sexual abuse by a parent, guardian, custodian, or person in a position of trust as contained in Count 4; 10 to 20 years for his conviction of sexual abuse by a parent, guardian, custodian, or person in a position of trust as contained in Count 5; and 5 to 25 years for his conviction of first-degree sexual abuse as contained in Count 6. The circuit court ordered that Counts 1 and 3 be served concurrently; that Counts 2 and 4 be served concurrently, but consecutive to Counts 1 and 3; and that Counts 5 and 6 be served concurrently, but consecutive to Counts 1 and 3 and Counts 2 and 4. Petitioner now appeals that order.

This Court has held that "[a] trial court's decision regarding the voluntariness of a confession will not be disturbed unless it is plainly wrong or clearly against the weight of the evidence." Syl. Pt. 3, *State v. Vance*, 162 W.Va. 467, 250 S.E.2d 146 (1978). More recently, we held:

> This Court is constitutionally obligated to give plenary, independent, and *de novo* review to the ultimate question of whether a particular confession is voluntary and whether the lower court applied the correct legal standard in making its determination. The holdings of prior West Virginia cases suggesting deference in this area continue, but that deference is limited to factual findings as opposed to legal conclusions.

[2]*Miranda v. Arizona*, 384 U.S. 436 (1966).

Syl. Pt. 2, *State v. Farley*, 192 W.Va. 247, 452 S.E.2d 50 (1994).

On appeal, petitioner argues that the circuit court erred in finding that his confession was voluntarily given because the circuit court did not consider the totality of the circumstances at the time the confession was given. Specifically, petitioner argues that the circuit court should have considered his state of mind, his background, and his lack of experience with law enforcement, yet the circuit court made no specific factual findings regarding those factors. This Court has previously held that "[i]n circumstances where a trial court admits a confession without making specific findings as to the totality of the circumstances, the admission of the confession will nevertheless be upheld on appeal, but only if a reasonable review of the evidence clearly supports voluntariness." *Id*, 192 W.Va. at 250, 452 S.E.2d at 53, Syl. Pt. 3.

Having fully reviewed the record on appeal, we conclude that the circuit court's finding that petitioner's statement was voluntarily given was not plainly wrong or clearly against the weight of the evidence.

This Court has held that

[t]he burden is on the State to prove by a preponderance of the evidence that extrajudicial inculpatory statements were made voluntarily before the statements can be admitted into evidence against one charged with or suspected of the commission of a crime. Absent a knowing and intelligent waiver of the Fifth Amendment right against self-incrimination, a statement made by a suspect during in-custody interrogation is inadmissible. Even when a suspect has made a valid waiver, an inculpatory statement is inadmissible if it appears it was made involuntarily. Whether such a statement was voluntary or the result of coercive police activity is a legal question to be determined from a review of the totality of the circumstances.

*State v. Bradshaw*, 193 W.Va. 519, 527, 457 S.E.2d 456, 464 (1995) (citations omitted). "In examining the totality of the circumstances, a [circuit court] must consider a myriad of factors, including the defendant's age, intelligence, background and experience with the criminal justice system, the purpose and the flagrancy of any police misconduct, and the length of the interview." *Id*.

In petitioner's case, it is clear from the record that his inculpatory statements were voluntarily made. Petitioner was read his *Miranda* rights before he gave a statement to the officer, and there is no assertion in the record that petitioner ever attempted to enforce those rights. Additionally, in petitioner's audio statement, he interrupts the officer as the *Miranda* rights are given, stating that he already knows his rights. Nevertheless, the officer repeated the rights before he began questioning. Following the recitation of the *Miranda* rights, the officer asked petitioner simple questions in a non-threatening manner and without promises of leniency or coercion. The recording reveals that petitioner answered the questions calmly.

Petitioner argues that his threats self-harm before his recorded confessions should have

been considered in the totality of the circumstances regarding the voluntariness of his statements. We reject this claim given that petitioner did not continue to threaten himself or others, he did not act irrationally during the interview and he did not appear upset when answering questions. Moreover, the officer testified that it is common for suspects to threaten self-harm when confronted with allegations of sexual nature. Accordingly, petitioner's actions indicate he was of sufficiently sound mind to provide a voluntary statement.

Petitioner also argues that his background and inexperience with the police should have been considered in the circumstances surrounding petitioner's inculpatory statements. However, no evidence was presented on this issue in the record or on appeal to consider in the totality of the circumstances. We refuse to speculate on what petitioner's background and experience may be. Accordingly, we find that the circuit court's finding that petitioner's statement was voluntarily given was not plainly wrong or clearly against the weight of the evidence.

Accordingly, for the foregoing reasons, we affirm the circuit court's May 18, 2017, final sentencing order.

Affirmed.

**ISSUED**:   May 14, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker