**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 21-0550** (Randolph County 18-F-133)

**James Thomas M.,**
**Defendant Below, Petitioner**

**MEMORANDUM DECISION**

Petitioner James Thomas M.[1] appeals the June 11, 2021, sentencing order of the Circuit Court of Randolph County following a jury trial where he was convicted of two counts of first-degree sexual abuse and one count of sexual abuse by a parent.[2] On appeal, he raises three assignments of error.

In his first assignment of error, petitioner challenges the sufficiency of the evidence for his convictions. This Court has stated that "[a] convicted defendant who presses a claim of evidentiary insufficiency faces an uphill climb." *State v. LaRock*, 196 W. Va. 294, 303, 470 S.E.2d 613, 622 (1996). We have noted that "this Court's review is highly deferential to the jury's verdict." *State v. Thompson*, 240 W. Va. 406, 414, 813 S.E.2d 59, 67 (2018). Further,

> [t]he function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.

---

[1] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R.A.P. 40(e). Petitioner appears by counsel J. Brent Easton. The State of West Virginia, by counsel Patrick Morrisey and Mary Beth Niday, filed a response in support of the circuit court's order.

[2] Petitioner's conviction stemmed from an incident on August 29, 2018.

A criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled.

Syl. Pts. 1 and 3, *State v. Guthrie*, 194 W. Va. 657, 461 S.E.2d 163 (1995).

The evidence supporting petitioner's conviction included his own recorded confession along with the testimony of three additional witnesses. This evidence was more than sufficient to carry the State's burden. Thus, reviewing the jury's verdict in a light most favorable to the prosecution, we refuse to disturb the jury's verdict, and find that petitioner's sufficiency challenge is without merit.

Next, petitioner argues that the circuit court erred in denying his motion to suppress a recorded statement that he gave after confessing his criminal acts to a West Virginia State Police trooper. Although he acknowledged, after giving his statement, that he was treated fairly during custodial interrogation and affirmed that he was under no duress, he maintains that the court's finding that his statement was knowing, voluntary, and intelligent was in error.[3] We have

---

[3] In *State v. Campbell*, 246 W. Va. 230, --, 868 S.E.2d 444, 451 (2022), this Court noted that

[w]e apply an abuse of discretion standard of review to a circuit court's decision on the admissibility of a confession. "It is a well-established rule of appellate review in this state that a trial court has wide discretion in regard to the admissibility of confessions and ordinarily this discretion will not be disturbed on review." Syl. pt. 2, *State v. Vance*, 162 W. Va. 467, 250 S.E.2d 146 (1978). Moreover, "A trial court's decision regarding the voluntariness of a confession will not be disturbed unless it is plainly wrong or clearly against the weight of the evidence." Syl. pt. 3, *Id.*

However,

[t]his Court is constitutionally obligated to give plenary, independent, and *de novo* review to the ultimate question of whether a particular confession is voluntary and whether the lower court applied the correct legal standard in making its determination. The holdings of prior West Virginia cases suggesting deference

(continued . . . )

2

determined that the test in determining if a statement was voluntarily made is whether, under the totality of the circumstances, the law enforcement officers have overborne the will of the accused.[4] Upon our review, there is no indication that law enforcement made any promises to petitioner, utilized any psychological ploys, coaxed any statements, or misstated any facts in exchange for his confession. Instead, the transcript that was thoroughly reviewed by the circuit court reflects that the officer clarified statements made by petitioner and allowed him to tell his version of the facts. The circuit court credited the officer's testimony from the pretrial hearing, wherein the officer denied using coercive tactics and explained that petitioner understood the situation, had no apparent confusion, and asked no questions. Based on the evidence presented, we find that the circuit court did not abuse its discretion in allowing the statement and, therefore, this assignment of error is unavailing.

Finally, petitioner argues that the circuit court erred in denying his motion to dismiss,[5] on the ground that three terms of court passed in 2019 without trial, in violation of West Virginia Code § 62-3-21 ("the three-term rule"). The court denied petitioner's motion to dismiss, finding the matter was delayed because petitioner requested additional time to supplement his motion for a bill of particulars due to double jeopardy concerns, but then failed to comply with the court's order "requiring counsel for the [d]efendant to supplement or brief the issues asserted in his motion[.]" Notably, petitioner never complied with the court's order to file a more detailed motion, and did not decide until the third term of 2019 that he would not pursue that motion. Thus, any delay during the 2019 terms of court was the consequence of petitioner's actions, not the State's.[6]

---

in this area continue, but that deference is limited to factual findings as opposed to legal conclusions.

Syl. Pt. 2, *State v. Farley*, 192 W. Va. 247, 452 S.E.2d 50 (1994).

[4] Syl. Pt. 2, *State v. Bradshaw*, 193 W. Va. 519, 457 S.E.2d 456 (1996) ("Whether an extrajudicial inculpatory statement is voluntary or the result of coercive police activity is a legal question to be determined from a review of the totality of the circumstances." )

[5] "This Court's standard of review concerning a motion to dismiss an indictment is, generally, *de novo*. However, in addition to the *de novo* standard, where the circuit court conducts an evidentiary hearing upon the motion, this Court's 'clearly erroneous' standard of review is invoked concerning the circuit court's findings of fact." Syl. Pt. 1, *State v. Grimes*, 226 W. Va. 411, 701 S.E.2d 449 (2009).

Syl. Pt. 1, *State v. Holden*, 243 W. Va. 275, 843 S.E.2d 527 (2020).

[6] "Any term at which a defendant procures a continuance of a trial on his own motion after an indictment is returned, or otherwise prevents a trial from being held, is not counted as one of the three terms in favor of discharge from prosecution under the provisions of [West Virginia] Code, 62-3-21, as amended." Syl. Pt. 2, *State ex rel. Spadafore v. Fox*, 155 W. Va. 674, 186 S.E.2d 833 (1972).

(continued . . . )

Finally, the court noted that petitioner was not prejudiced by any delay because "it is a delay that is for his benefit to determine the number of charges[.]"[7] Upon our review, we do not find that the circuit court's ruling was clearly erroneous, and, therefore, we refuse to disturb it on appeal.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 17, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn

---

Syl. Pt. 6, *State v. Combs*, -- W. Va. --, 875 S.E.2d 139 (2022).

[7] Although petitioner argues that trial could have been scheduled during the October 2019 term of court if he had been transported to a status hearing in December of 2019, he concedes that his case was not ripe for trial in that term of court, as the court's ruling on his motion to suppress remained under advisement. To the extent that petitioner claims that any delays during the Spring of 2020 violated the three-term rule, this Court recently held that

> [a] term of court during which a judicial emergency has been declared in response to the COVID-19 global pandemic and corresponding limits have been imposed upon the ability of courts to hold jury trials and/or conduct nonessential judicial proceedings is not a "regular" term of court as contemplated by the three-term rule set forth in West Virginia Code section 62-3-21 (eff. 1959).

Syl. Pt. 6, *State ex rel. Porter v. Farrell*, 245 W. Va. 272, 858 S.E.2d 897 (2021).