**STATE OF WEST VIRGINIA**

**Monica Boggs,**
**Petitioner Below, Petitioner**

**FILED**
**November 7, 2016**
**released at 3:00 p.m.**
RORY L. PERRY, II CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 15-1001** (Berkeley County 13-C-321)

**Lori Nohe, Warden,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner, Monica Boggs, by counsel Kevin D. Mills and Shawn R. McDermott, appeals the Circuit Court of Berkeley County's September 21, 2015, order denying her petition for writ of habeas corpus. Respondent, Lori Nohe, Warden of the Lakin Correctional Center, by counsel Cheryl K. Saville, Assistant Prosecuting Attorney, filed a response. On appeal, petitioner argues that the circuit court erred in failing to conduct an evidentiary hearing on the habeas petition and that she was deprived of effective assistance of counsel by virtue of her trial counsel's deficient and prejudicial performance.

This Court has considered the parties' briefs, oral arguments, and the record on appeal. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. For the reasons expressed below, we reverse the September 21, 2015, order, remanding the case with directions.

This matter arises out of events occurring on the evening of August 19, 2008, when petitioner called 911 reporting that she believed her seven-month-old infant son, Skyler, was dead. Attempts by neighbors and emergency medical personnel to revive the infant proved futile, and Skyler was pronounced dead at a nearby hospital. Questioning of petitioner and others by law enforcement almost immediately proceeded. Petitioner was questioned by investigating officers on several occasions. Some of the interviews were recorded and others were not. The questioning by law enforcement changed as information from the medical examiner became available. Two interviews with Sergeant David Boober of the West Virginia State Police were recorded. Petitioner was not in custody. Nevertheless, she was

1

advised of her *Miranda*[1] rights and signed a written waiver of rights. Over the course of the multiple interviews, petitioner's statements evolved, particularly as to detail and a time-line of events. Ultimately, petitioner stated that, several days earlier, she had thrown a bottle at Skyler which struck him in the face resulting in bruising near his left eye. Additionally, she stated that she had further injured Skyler when she tossed or threw the baby "pretty hard" into his crib resulting in him hitting his head on a toy piano she did not know was in the crib. She also stated she heard a pop when the infant struck the piano. Petitioner did not tell anybody what she had done. She also stated that Skyler appeared okay and subsequently drank a bottle. He slept more, but seemed normal such that she had taken pictures of him. She also repeatedly remarked that she did not mean to hurt Skyler and that hurting him was an accident. Petitioner's trial counsel did not mount a challenge to the voluntariness of the multiple statements made by petitioner to law enforcement.

Dr. Matrina Schmidt, the medical examiner, conducted an autopsy of the infant finding, among other things, a skull fracture that extended from the left parietal bond, over and across the midline, onto the right parietal bond as well as brain hemorrhaging with noticeable blood in the cranial vault. The fracture was completely through the skull. There were two contusions on the back of Skyler's head and one on his forehead. Dr. Schmidt also reported findings including bruising near the left eye, on the right side of his neck, and on various other parts of the infant's body together with some abrasions on the midline of the neck and on the left lower leg. The cause of death was determined to be blunt force head trauma that Dr. Schmidt believed to be a homicide. Petitioner's trial counsel did not hire a medical expert to address the autopsy report or to counter the testimony and opinions of Dr. Schmidt as advanced at trial.

In September 2009, following a three-day jury trial with no direct physical evidence and wherein petitioner did not testify, petitioner was convicted of three felony offenses including: (1) Death of a Child by a Parent in violation of W. Va. Code § 61-8D-2a(a) (1994); (2) Child Abuse Causing Bodily Injury in violation of W. Va. Code § 61-8D-3(a) (1996); and (3) Gross Child Neglect Causing Substantial Risk of Serious Bodily Injury in violation of W.Va. Code § 61-8D-4(e) (1996).[2] Upon completion of a pre-sentence

---

[1]*Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966), stands for the fundamental constitutionally derived principle that, prior to a custodial interrogation, a defendant must be advised that he or she has the right to remain silent, warned that anything he or she says can and will be used against them, and informed that he or she has a right to an attorney.

[2]In 2014, the Legislature rewrote W. Va. Code § 61-8D-4(e). *See* W. Va. Code § 61-8D-4(e) (2014). Because the underlying events giving rise to the instant proceeding occurred

investigation report and a diagnostic evaluation as well as evidence and argument, the Circuit Court of Berkeley County sentenced petitioner to serve consecutive sentences with a total effective sentence of forty-two to fifty years incarceration. Post-trial, petitioner filed a direct appeal of her conviction. This Court, finding no substantial question of law and no prejudicial error, affirmed the conviction. *State v. Boggs*, No. 11-0001, (W. Va. May 27, 2011) (memorandum decision).

On or about April 26, 2013, petitioner filed her verified petition for writ of habeas corpus together with a *Losh*[3] checklist of grounds for post-conviction habeas corpus relief. The circuit court held a status hearing and directed respondent to file a complete response, which was complied with on or about September 3, 2013. Petitioner sought an evidentiary hearing on the issue of ineffective assistance of counsel, but requested a continuance of proceedings in order to consult with an expert witness. Petitioner sought to present her own testimony and to call her trial counsel, three investigating law enforcement officers, her forensic psychologist, and a newly retained medical expert. Respondent objected to holding an evidentiary hearing on the grounds there was sufficient evidence in the record to address all the claims.

Thereafter, petitioner disclosed the report of her forensic medical expert, Dr. William Hauda. The parties entered into a stipulation whereby the circuit court would consider Dr. Hauda's report in assessing petitioner's claims without the necessity of taking testimony from Dr. Hauda. Petitioner orally renewed the request for an evidentiary hearing. Respondent again objected to the request for an evidentiary hearing. The circuit court directed the parties to submit proposed orders taking into account the record and the stipulated medical evidence of Dr. Hauda. It was agreed the parties would address the issue of the necessity of an evidentiary hearing in the proposed orders. Thereafter, the circuit court concluded, by order entered September 21, 2015, that petitioner failed to allege any set of facts upon which habeas corpus relief could be granted and that no evidentiary hearing was required because all matters from which facts and conclusions must be drawn were readily determined by reference to the record.

---

in 2008, we will apply the version of the statute that was in effect at the relevant time. *See* W. Va. Code § 61-8D-4(e) (1996).

[3]*Losh v. McKenzie,* 160 W.Va. 962, 277 S.E.2d 606 (1981), defined the requirements of an omnibus habeas hearing and identified a list of the standard grounds typically available to assert for habeas relief and which can be used as a checklist to assure counsel has considered and discussed each separate ground which might apply to the case with the petitioner.

We review the denial of a petition for a writ of habeas corpus under the following standard:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

Petitioner appeals the September 21, 2015, habeas order to this Court raising two assignments of error. In her first assignment of error, petitioner asserts that the circuit court abused its discretion in failing to grant an evidentiary hearing because there were outstanding factual issues. The claimed factual issues primarily relate to the voluntariness of the statements of petitioner to law enforcement officers.

With respect to petitioner's second assignment of error asserting an ineffective assistance of counsel claim, there are six areas of alleged ineffective, deficient, and prejudicial performance on the part of trial counsel raised on appeal. First, it is asserted that counsel was ineffective in failing to challenge the voluntariness of the statements. Additionally, petitioner asserts that trial counsel should have requested an instruction pursuant to *State v. Vance*, 162 W. Va. 467, 250 S.E.2d 146 (1978), to the effect that the jury could consider the voluntariness of the statements. Second, petitioner contends that trial counsel was ineffective with respect to his handling of the medical testimony. Specifically, petitioner contends trial counsel was ineffective in failing to request a hearing to test the reliability of the State medical examiner's opinions, failing to meaningfully object to testimony of the medical examiner, and failing to retain a medical expert to challenge the opinions of the medical examiner. Third, it is claimed that counsel was ineffective with respect to a juror issue. Specifically, it is asserted that counsel was deficient in not moving to conduct voir dire or strike a juror who indicated to a bailiff the morning of the second day of trial that, upon seeing a single picture in Skyler's baby book, she realized she knew the biological father of the infant. The biological father was not involved in Skyler's birth or life, had not been listed as a witness, and did not appear at trial. Fourth, petitioner states that trial counsel was ineffective in failing to object to the use of purportedly gruesome and unduly prejudicial autopsy photos during the prosecution's closing argument. Fifth, petitioner claims trial counsel was ineffective when he admitted petitioner's actions were intentional rather than negligent thereby depriving petitioner of her theory of the case and a basis by which the jury could find her not guilty. Sixth, ineffectiveness is asserted in the

4

failure of trial counsel to move for a continuance given his busy schedule, which impeded his ability to effectively prepare her defense.

Petitioner's contentions go directly to the performance of her trial counsel. With respect to the claims of ineffective assistance of counsel we have held:

> In West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed. 2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Syl. pt. 5, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995).

We recognize that the law is settled that, in appropriate circumstances, a court may deny a petition for a writ of habeas corpus without a hearing when the evidence demonstrates that the petitioner is entitled to no relief. Syl. pt. 1, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973). *See also* W. Va. Rules Governing Post-Conviction Habeas Corpus Proceedings Rule 9(a) (providing that if a court determines that an evidentiary hearing is not required, it shall include in its final order findings of fact and conclusions of law explaining why an evidentiary hearing was not required). This Court has also recognized that the decision of whether to conduct an evidentiary hearing is largely left to the discretion of the court before which the writ is made returnable. *Gibson v. Dale*, 173 W. Va. 681, 319 S.E.2d 806 (1984). Importantly, we have also observed that the discretion afforded is not unlimited. Rather, "the court must be guided by the necessities of each particular case." *Id.*, at 688-89, 319 S.E.2d at 813. In other words, the facts of each case determine the purpose, scope, and necessity of an evidentiary hearing in habeas proceedings.

Here, this Court confronts a case with convictions, in large part, based upon statements of petitioner to law enforcement in the absence of any direct physical evidence linking petitioner to the death of Skyler. Further, as the record reflects, the context consists of a nineteen year old with borderline cognitive functioning and a variety of psychological problems who faced multiple interrogations over the course of two days by several law enforcement officers shortly after the death of her son. The trial attorney very well may have had reasonable motive and strategy for his conduct with respect to failing to challenge the voluntariness of petitioner's statements and his other trial conduct. However, under the particular facts of this case, we are unable to evaluate the reasonableness of trial counsel's

performance without providing trial counsel the courtesy of being able to explain his strategy, tactics, and course of action. Moreover, given the nature of the claims of ineffectiveness, the testimony of trial counsel cannot be conducted and evaluated in a vacuum. Petitioner must be afforded the opportunity to advance her claims by calling her other intended witnesses. In determining that the circuit court exceeded its discretion in failing to hold an evidentiary hearing, we reach no conclusion as to the merits of any of petitioner's ineffective assistance of counsel claims.

Accordingly, based upon the foregoing, we reverse and remand this case for the circuit court to conduct an evidentiary hearing for the purpose of taking testimony to allow the court to examine petitioner's claims of ineffective assistance of counsel.

Reversed and Remanded.

**ISSUED:** November 7, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin

**DISSENTING AND WRITING SEPARATELY:**

Justice Margaret L. Workman
Justice Allen H. Loughry II

Loughry, J., dissenting:

The majority's decision to remand this case for an evidentiary hearing is a decided waste of judicial time and resources. The petitioner sought an evidentiary hearing on one lone issue:[4] her assertion that defense counsel provided an ineffective defense by failing to

---

[4]During a September 30, 2013, status conference in the habeas case, the petitioner's counsel told the circuit court that there were two issues for which he sought an evidentiary hearing: ineffective assistance for failing to move to suppress the statements, and ineffective assistance pertaining to trial counsel's investigation and handling of medical evidence. Subsequently, the parties agreed to submit the second issue to the circuit court for decision

6

seek the suppression of her statements to the police. In the subject police statements, she admitted throwing her seven-month-old son into his crib, causing the baby's head to strike a hard plastic toy. The baby, who suffered a severe skull fracture and brain hemorrhaging, died due to blunt force trauma to the head. An evidentiary hearing is wholly unnecessary because the record is fully developed on the sound, strategic basis for trial counsel's decision not to file a suppression motion. Furthermore, the petitioner has failed to proffer any credible basis to suggest that the trial court would have granted the motion to suppress had it been made by trial counsel. Because the petitioner has failed to demonstrate a legitimate need to hold an evidentiary hearing at this juncture, I am compelled to dissent.

When the existing record is sufficient, as it is in this case, there is simply no basis for holding an evidentiary hearing in a post-conviction habeas corpus proceeding:

> "A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief." Syl. Pt. 1, in part, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973).

Syl. Pt. 1, *State ex rel. Farmer v. Trent*, 206 W.Va., 523 S.E.2d 547 (1999); *accord* W.Va. Code § 53-4A-7(a) (2016);[5] R. Post-Conviction Habeas Corpus, Rule 9(a) (2016).[6]

---

on a supplemented record.

[5]West Virginia Code § 53-4A-7(a) provides, in part:

> If the petition, affidavits, exhibits, records and other documentary evidence attached thereto, or the return or other pleadings, or the record in the proceedings which resulted in the conviction and sentence, or the record or records in a proceeding or proceedings on a prior petition or petitions filed under the provisions of this article, or the record or records in any other proceeding or proceedings instituted by the petitioner to secure relief from his conviction or sentence, show to the satisfaction of the court that the petitioner is entitled to no relief, or that the contention or contentions and grounds (in fact or law) advanced have been previously and finally adjudicated or waived, the court shall enter an order denying the relief sought.

[6]Rule 9(a) of the Rules Governing Post-Conviction Habeas Corpus Proceedings in West Virginia provides:

Consistent with this axiomatic principle, this Court has regularly affirmed habeas orders where circuit courts declined to hold evidentiary hearings on claims of ineffective assistance of counsel.[7] The decision to conduct an evidentiary hearing rests within the sound discretion of the circuit court "guided by the necessities of each particular case." *Gibson v. Dale*, 173 W.Va. 681, 688-89, 319 S.E.2d 806, 813 (1984).

After a thorough review, the circuit court concluded that all of the matters alleged in the petitioner's habeas petition could be decided on the existing record without additional factual development. The habeas circuit court judge was intimately familiar with all of the evidence and arguments raised as he was the presiding judge during the petitioner's trial.

Demonstrative of the folly of remand is the fact that the trial record indicates the basis for defense counsel's decision not to seek suppression of the petitioner's statements to the police.[8] During a pre-trial conference on August 10, 2009, defense counsel told the trial court that, after investigating the issue, he found no grounds to support such a motion. In

---

*Determination by court.*–If the petition is not dismissed at a previous stage in the proceedings, the circuit court, after the answer is filed, shall, upon a review of the record, if any, determine whether an evidentiary hearing is required. If the court determines that an evidentiary hearing is not required, the court shall include in its final order specific findings of fact and conclusions of law as to why an evidentiary hearing was not required.

[7]A few of the many recent examples include *Catlett v. Pszczolkowski*, No. 15-0567, 2016 WL 4611130 (W.Va. Sept. 6, 2016) (memorandum decision); *Messer v. Ballard*, No. 15–0423, 2016 WL 1735247 (W.Va. Apr. 29, 2016) (memorandum decision); *Justis v. Pszczolkowski*, No. 15–03692016 WL 1551052 (W.Va. April 15, 2016) (memorandum decision); *Tex S. v. Pszczolkowski*, 236 W.Va. 245, 253-54, 778 S.E.2d 694, 702-03 (2015); *Tincher v. Dingus*, No. 15-0295, 2015 WL 6181436 (W.Va. Oct. 20, 2015) (memorandum decision); *State ex rel. Waldron v. Scott*, 222 W.Va. 122, 127, 663 S.E.2d 576, 581 (2008).

[8]"The primary purpose of an omnibus hearing is grounded in providing the [c]ourt with evidence from 'the most significant witness, the trial attorney,' in order to give that individual 'the opportunity to explain the motive and reason behind his or her trial behavior.'" *Tex S. v. Pszczolkowski*, 236 W.Va. 245, 253-54, 778 S.E.2d 694, 702-03 (2015)(quoting *State v. Miller*, 194 W.Va. 3, 15, 459 S.E.2d 114, 126 (1995)).

explanation of his decision, defense counsel initially determined that the police officers had properly obtained a *Miranda*[9] waiver from the petitioner. Counsel informed the court that

> [a]s far as the statements are concerned, we've had all of the recorded statements transcribed. We've also been provided with . . . a waiver of rights form, executed by Ms. Boggs. In the transcripts of the – the troopers go through the waiver with her, confirm that she understands her rights and she wants to go ahead and proceed with the statement.

Counsel observed secondarily that although the initial statement had been taken early in the morning, this was due to the fact that the child had been taken to the hospital late the previous night. Finally, counsel informed the trial court that he had the petitioner evaluated by a forensic psychologist to confirm she was capable of waiving her rights:

> We've also had Ms. Boggs evaluated by a forensic psychologist to make sure that she has no problems with intelligence or being able to understand. That's Dr. Bernie Lewis and we met on Friday at Dr. Lewis' office and went through all of that. We don't see any possible challenges there.
> Ms. Boggs can understand or appreciate the nature of what she was doing at the time. Her statements were given intelligently and knowingly after a waiver of her rights. At least that is what, from my own investigation, reveals that I don't have any grounds to challenge that.

In addition to requesting a wholly unnecessary examination of trial counsel, the petitioner seeks to have law enforcement officers testify at a habeas proceeding. These same officers previously testified at trial regarding both the content and the circumstances of the petitioner's statements and were subject to cross-examination on these issues. Critically, the petitioner's habeas claim is centered on the issue of her lawyer's decision not to make a suppression motion; the admissibility of the statements themselves has already been upheld by this Court in the direct appeal. *See State v. Boggs*, No. 11-0001 (W.Va. May 27, 2011) (memorandum decision). To require the officers to be subjected to reexamination on these issues could not possibly produce any information relevant to defense counsel's pre-trial thought processes.[10]

---

[9]*Miranda v. Arizona*, 384 U.S. 436 (1966) (requiring that persons in custodial interrogation be advised of rights under Fifth Amendment of U.S. Constitution).

[10]*See supra* note 8.

To prevail on a claim of ineffective assistance of counsel, the petitioner has the burden of proving first that her counsel violated an objective standard of reasonableness in deciding against the filing of a motion to suppress. She must also demonstrate there is a reasonable probability that the outcome of her trial would have been different had trial counsel made such a motion.[11] Abundantly clear from the existing record in this case is that the petitioner can satisfy neither prong of this well-established test.

The reasonableness of trial counsel's contrary decision regarding a motion to suppress is ineluctable. The filing of an unsupportable motion would have been frivolous. Moreover, such a motion would have been contradicted by the petitioner's own expert. The majority has apparently overlooked the fact that the petitioner has failed to offer any grounds upon which a reviewing court might conclude that her statements to the police were involuntarily made. She seeks relief by asserting her age, maturity, and IQ–but these are the very factors previously considered and rejected *before trial* by Dr. Lewis, her expert psychologist. Dr. Lewis concluded that even when taking these factors into consideration, the petitioner gave her statements to the police freely and knowingly. Significantly, the petitioner has not proffered any affidavit or report to contradict Dr. Lewis's opinion.

In the final analysis, there is nothing to suggest that the outcome of the petitioner's trial would have been different had a motion to suppress been tendered on her behalf. In the habeas final order, the circuit court found that even though the petitioner signed a *Miranda* waiver form, she was not in custody when giving the statements and thus no *Miranda* rights had attached. *See*, *e.g., State v. Bouie*, 235 W.Va. 709, 776 S.E.2d 606 (2015) (reiterating that procedural safeguards outlined in *Miranda* are not required unless person is subject to custodial interrogation). The circuit court also found that the petitioner's statements to the police were consistent with the physical evidence offered at trial. Illustrative of this dovetailing is the petitioner's statement to the investigating officers that she threw a bottle

---

[11]The test for evaluating ineffective assistance of counsel claims is set forth in *State v. Miller*:

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

*Miller*, 194 W.Va. at 6, 459 S.E.2d at 117, syl. pt. 5.

at her infant's face and the undisputed evidence that the infant had a bruise under his eye. The petitioner told the police she threw her son into his crib causing him to strike his head on a hard toy piano, and the undisputed autopsy evidence revealed the infant suffered a skull fracture. Add to all of this the testimony of the petitioner's boyfriend that while they were at the police station together, the petitioner admitted to him that she had injured the baby.

Based on the foregoing, I can only conclude that the circuit court did not abuse its discretion in deciding against the need for an evidentiary hearing given the existing record in this case. Instead of reversing and remanding for a hearing, this Court should have simply ruled on the appeal.

Accordingly, I respectfully dissent. I am authorized to state that Justice Workman joins me in this dissent.